# EXHIBIT 1

# AMENDED CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| **CHARGE PRESENTED TO:** | **AGENCY CHARGE NO.** |
|---|---|
| EEOC | 433-2025-03400 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Adrienne Johnson

Phone No.: ▪
Year of Birth: ▪
Mailing Address: ▪
RALEIGH, NC ▪

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Everytown For Gun Safety
No. Employees, Members: 201 - 500 Employees
Phone No.:
Mailing Address: 450 LEXINGTON AVE
New York, NY 10017, UNITED STATES OF AMERICA
Name:
No. Employees, Members:
Phone No.:
Mailing Address:

DISCRIMINATION BASED ON:

Age, Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 11/13/2024
Latest: 11/13/2024

THE PARTICULARS ARE:

I. On or around November 13, 2024, I was discharged from the position of Organizing Manager. I was hired on or around January 17, 2023. Respondent employs more than twenty (20) persons.

II. In a Zoom call with my direct supervisor Brandon Rhodes (Black, younger than me), Associate Organizing Director; Kenneth Gonzales (a person of color, in his 30s), Managing Director; and Kay Simmons (Black, younger than me), HR Associate, I was informed that I was terminated. Without being given a clear reason for my employment termination, Mr. Brandon Rhodes indicated to me that after my 30-day PIP, "we decided not to move forward with you working at Everytown".

Following deflections and evasive responses, he and Kenneth Gonzales exited the call abruptly, without a courtesy expression of gratitude or regard. The dismissal was perceived as insensitive and unprofessional. I was treated in a manner consistent with that of a newly hired employee who had committed misconduct.

I experienced racist backlash from the volunteers that was reinforced by my supervisors who chose to engage in gossip rather than established organizational procedures. As a result, I was left entirely without protection and support in my role as Organizing Manager, subjected to baseless accusations, and fired despite proof that I was in fact fulfilling and exceeding my duties according to my job description. A repetitive complaint by certain volunteers was that I enforced the DEI policies set

forth by Everytown, which was in fact part of my job description and "I don't want to be accused of being called racist...", all under the guise of "she may retaliate" OR "she's aggressive". These are just a few racist tropes to which I was subjected due to an expectation of appeasement and air of superiority when they refused to follow my guidance as OM of NC.

I constantly encountered defensiveness and complaints from certain White female volunteers who expressed fear when I presented a dissenting opinion. Despite these individuals having a history of problematic behavior, management failed to support me and instead enabled and condoned their deceptive actions at my expense. Brandon, who was a relatively new Associate Organizing Director (AOD), dismissed my requests to get to know unique needs of his new states; be less impulsive and more attuned to its nuisance. Management took no action, and HR did not intervene as they were going to " follow Brandon's lead". No evidence, including requested substantive examples, was provided to me. Management demonstrated no interest in hearing my perspective on the accusations or viewing my evidence of the contrary. I was guilty until proven innocent and excluded from the so-called "investigation". I was being set up to fail.

Absolutely no evidence, including requested substantive examples, were provided to me to support accusations. I thrived as OM along with my team to no avail and did in fact fulfill the stipulations and timelines of the bogus PIP that were initially approved by Brandon Rhodes. However, he engaged in managerial inconsistency in the presence of Kenneth Gonzales and Kaye Simmons. It was deceptive and lacked leadership integrity.

Furthermore, I have elaborate documentation and testimonies to support NC Chapter's history of racism, bullying, ageism, retaliation, and toxic work environment. This documentation supports my complaints to supervisors and colleagues. Everytown has an obligation to provide a safe work environment. However, their negligence to do their due diligence in accordance with corporate policy and the law resulted in harassment, discrimination, poor management practices, and a hostile work environment to impact my career, finances, and mental health while OM of NC. It is my belief that violations of Everytown for Gun Safety company policies were in retaliation for my bringing forth complaints of experiencing racism and harassment by members of the ET team and Moms Demand Action Volunteers include the following: False allegations 8/29/2024 were baseless and unfounded. It was withheld from me for 5 days by management and colleagues. Complaints of my voice being disregarded, dismissed, and silenced as OM of NC; Compared to White colleagues with 3x my tenure for making similar mistakes. ET failure to hold volunteers accountable to Volunteer Agreement (VAF) at my professional expense. ET failure to support and protect Organizing Manager after repeated requests for over a year written and verbal. Demonstrated pattern of bullying and ET failure to intervene; Violation of Retaliation; violates Everytown's Code of Conduct, specifically related to harassment and non-retaliation Malpractice of Management Team, which violated Everytown's Code of Conduct, specifically related to harassment and non-retaliation. Transfer request denied, though known to accommodate previous OMs. Denied lateral promotion after complaints of unprofessional communication and mistreatment to my Supervisor about Executive Leadership, Kenneth Gonzales, who was also Brandon's friend. They offered a role to White OM of another state for my state of NC without my prior knowledge. Supervisor Brandon admitted it to me on September 7, 2025, which undermined and demeaned my abilities, though highly qualified for the role. Mishandling of Volunteer Leadership Dismissal by Jamie Ford, resulting in volunteers verbal abuse, false narratives, and retaliation against me, the Black OM. Poor Management Practices, including Micromanagement; Lacking Professional Integrity and Professional Maturity.

For over a year, I complained about ageism and racism in the workplace due in part to lack of professional maturity in successful intergenerational management that afforded me autonomy and consistent support in my respective role.

My PIP was unjust and marred by falsehoods disseminated by Brandon Rhodes and management team. It was an excessive first resort measure taken against me in response to baseless claims lodged by a troublesome volunteer and their clique in August 2024. Additionally, I had previously reported concerns to management and colleagues about the unprofessional conduct and disrespect I suffered at the hands of Kenneth Gonzales, and the management team's failure to prevent a toxic work environment, retaliatory behaviors, and enforcement of Volunteer Agreement Code of Conduct. My comprehensive documentation corroborates these charges.

I made a concerted effort to meet with Angela Ferrell-Zabala, Executive Director of Moms Demand Action in September 2024 to discuss overt ageism, discriminatory and retaliatory treatment from a member of the Executive Management Team, racist volunteers, tone-deafness of HR and management team, and the silencing of my voice as a Black woman OM in NC. This sentiment was documented by several colleagues.

We had a similar conversation in 2023 regarding lack of protection and respect for my role in this state. Therefore, I felt comfortable speaking with her. She cares about everyone's overall wellbeing and would want to know what was going on. (Angela's Chief of Staff was aware of my dire situation and responded to schedule time, per her request). Again, this effort was made prior to the PIP. However, demanding election schedules and competing priorities precluded us from meeting. We were slated to meet sometime after the November elections. Unfortunately, I was wrongfully terminated a week later.

III. I believe I have been discriminated against because of my race (Black) and retaliated against for participating in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my age (58) and for participating in protected activity in violation in violation of the Age Discrimination in Employment Act of 1967.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

_____
Charging Party Signature & Date

---

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____
Notarized Signature of Charging Party

Subscribed and sworn to before me this date:



Signature of Notary_____
Printed Name _____

# CP ENCLOSURE WITH EEOC FORM 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.