# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| ADRIENNE J. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., <br><br> Defendant. | Civil Action No. 5:25-cv-00686-D-RJ <br><br> **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT** |

Defendant Everytown For Gun Safety Action Fund, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and Local Rules 7.1 and 7.2, hereby submits this Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint and Amended Complaint. Plaintiff's action must be dismissed for lack of personal jurisdiction over Defendant resulting from insufficient process and service of process. Plaintiff also failed to timely exhaust administrative remedies, mandating dismissal of this action with prejudice.

## I.     <u>SUMMARY OF THE NATURE OF THE CASE</u>

This employment action arises from *pro se* Plaintiff's allegations of race and age discrimination and retaliation under Title VII and the ADEA.

Plaintiff's action must be dismissed in its entirety. The Summons is defective, rendering process insufficient and depriving this Court of personal jurisdiction over Defendant. Plaintiff also failed to timely effect proper service of the Complaint, independently requiring dismissal for insufficient service of process. In addition, all of Plaintiff's claims are barred as a matter of law because Plaintiff failed to file a Charge of Discrimination within the mandatory 180-day limitations period following the alleged discriminatory or retaliatory conduct.

1

**FACTUAL INTRODUCTION AND PROCEDURAL BACKGROUND**[1]

Defendant hired Plaintiff in January 2023 to work in North Carolina. (ECF No. 1, ¶11; ECF No. 7, ¶11.) Plaintiff alleges that throughout her employment she experienced discrimination and retaliation based on her race. (ECF No. 1, ¶14, 16, 18, 21; ECF No. 7, ¶¶14, 16, 18, 21.) She further alleges she reported her complaints to leadership during her employment in 2023 and 2024. (ECF No. 1, ¶¶15, 19; ECF No. 7, ¶¶15, 19.)

Following implementation of a 30-day Performance Improvement Plan ("PIP"), Defendant terminated Plaintiff's employment on November 13, 2024. (ECF No. 1, ¶¶22, 23; ECF No. 7, ¶¶22, 23.)

Plaintiff alleges she remained in contact with the Human Resources department following her termination to access records related to her performance and employment. (ECF No. 1, ¶25; ECF No. 7, ¶25.) She alleges her last documented communication with Defendant occurred on February 12, 2025, when Defendant provided her with a copy of her 2023 mid-year review. (*Id.*)

On July 14, 2025, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), 243 days after Plaintiff's last alleged discriminatory/retaliatory act – the termination of her employment. (ECF No. 1, ¶28; ECF No. 7, ¶28, Ex. 1)

On July 31, 2025, the EEOC dismissed the Charge due to the untimeliness of Plaintiff's filing. (ECF No. 1, ¶30, Ex. 1; ECF No. 7, ¶30, Ex. 2.)

On October 29, 2025, Plaintiff filed her first Complaint and Summons to be issued, noting an incorrect address, and addressed to "Everytown for Gun Safety Action Fund, Inc." (ECF No. 1,

---

[1] Defendant accepts well-pleaded facts (but not legal conclusions) as true for purposes of this Motion only. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (recognizing that "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes"). Defendant will contest portions of these allegations for other purposes.

1-3.) Accordingly, under FRCP 4(m), Plaintiff's 90-deadline to properly serve Defendant with the Complaint and Summons was January 27, 2026.

On November 12, 2025, the Clerk issued the Summons. (ECF No. 6.) The U.S. Marshals Service received the summons on November 17, 2025. (ECF No. 10.) The U.S. Marshals Service office indicated they were unable to effectuate service because the "[i]tem was returned to the sender as the addressee was not known at the delivery address noted on the package." (*Id*.)

On December 1, 2025, Plaintiff filed a "First Amended Case" with attached exhibits. (ECF No. 7.) Also on December 1, 2025, Plaintiff filed a second Summons with the same incorrect address. (ECF No. 8.)

On December 19, 2025, the notice of unexecuted Summons was filed with the Court. (ECF No. 10.)

On December 22, 2025, Plaintiff filed an updated Summons to be issued with an updated address for Defendant. (ECF No. 11.) The Summons was addressed to "Everytown for Gun Safety Action Fund, Inc." (*Id*.)

On January 5, 2026, the Clerk issued the Summons with the updated address. (ECF No. 12.)

On January 12, 2026, the Court construed Plaintiff's "First Amended Case" as a Motion to Amend her Complaint and granted her Motion to Amend. (ECF No. 13.)

Also on January 12, 2026, the U.S. Marshals Service received the updated Summons. (ECF No. 15.) However, it appears the U.S. Marshals inadvertently used the original Summons to attempt service at an incorrect address for Defendant. (ECF No. 15.) On February 13, 2026, the notice of unexecuted Summons was filed with the Court. (*Id*.)

After the notice of unexecuted Summons was filed, Plaintiff alleged she contacted the Clerk's office on February 13, 2026 to notify it of the U.S. Marshal's error of attempting service with the original Summons at the incorrect address. (ECF No. 16). She alleged the Clerk's office advised her that this would be corrected. (*Id*.)

On February 27, 2026, Plaintiff filed a Motion requesting that the Clerk issue an alias and pluries summons to allow for proper service to be completed. (*Id*.) In Plaintiff's Motion, she requested an extension of time for an additional thirty (30) days to serve Defendant. (*Id*.)

On March 18, 2026, a notice of returned executed Summons was filed with the Court. (ECF No. 17.) The notice indicated the Summons was delivered by certified mail and signed for on March 7, 2026. (*Id*.) The certified mail was addressed to "Everytown for Gun Safety Action Fund, Inc." (*Id*.)

## III.  STANDARD OF REVIEW

### A.  Standard under Fed. R. Civ. P. 12(b)(2)

"[F]ailure to obtain proper service on [a] defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). When "service was untimely, [the] plaintiff failed to accomplish proper service of process on [a defendant], and the court accordingly lacks personal jurisdiction over [the defendant]." *Henderson v. Clinton & Clinton*, No. 5:13-CV-635-FL, 2014 WL 4055824, at *4 (E.D.N.C. Aug. 15, 2014)

Under Rule 12(b)(2), the party asserting personal jurisdiction has the burden to prove the existence of a ground for jurisdiction by a preponderance of the evidence. *Miller v. Walmart Inc*., No. 5:24-cv-606-M-RJ, 2025 U.S. Dist. LEXIS 154477, at *10 (E.D.N.C. July 7, 2025); *Wellington Fin. Corp. v. Flagship Resort Dev. Corp*., 416 F.3d 290, 294 (4th Cir. 2005). If the court resolves a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing,

a plaintiff must show a prima facie case of personal jurisdiction. *Mylan Labs, Inc. v. Akzo. N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). In deciding whether plaintiff has proven personal jurisdiction the court "must draw all reasonable inferences arising from the [plaintiff's] proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*; *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014).

### B. Standard Under Fed. R. Civ. P. 12(b)(4)

Federal Rule of Civil Procedure 12(b)(4) allows a party to seek dismissal of a claim based on insufficient process.

Service rules concerning how to serve a corporation help to alert those receiving a corporation's mail that the mail includes a lawsuit deserving prompt attention. *Torres v. Energy*, No. 5:22-cv-369-D, 2023 U.S. Dist. LEXIS 28018, at *4 (E.D.N.C. Feb. 21, 2023).

A motion under Rule 12(b)(4) implicates a court's personal jurisdiction over a defendant, and it concerns the form of the process rather than the manner or method of its service. *Slocum v. Energy*, 2024 U.S. Dist. LEXIS 65053, at *3 (E.D.N.C. March 19, 2024). Stated differently, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served. *Torres,* 2023 U.S. Dist. LEXIS 28018, at *4.

### C. Standard under Fed. R. Civ. P. 12(b)(5)

Whereas a motion under Rule 12(b)(4) challenges the sufficiency of process, a motion under Rule 12(b)(5) challenges the sufficiency of service of process, which is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); Fed. R. Civ. P. 12(b)(5).

Service of process statutes are strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs, does not properly serve the defendant. *Vaughn*

*v. Duke Energy Carolinas, LLC*, 2025 U.S Dist. LEXIS 137106, at \*5 (M.D.N.C. July 18, 2025); *see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc*., 733 F.2d 1087, 1089 (4th Cir. 1984) (noting that the rules governing service "are there to be followed, and plain requirements for the means of effective service of process may not be ignored"); *In re Newbrook Shipping Corp*., 31 F.4th 889, 897 (4th Cir. 2022) (observing that providing "actual notice" of a lawsuit without delivering process to an appropriate recipient designated by Rule 4 of the Federal Rules of Civil Procedure fails to satisfy the service requirement).

Absent waiver of service of process or consent, a plaintiff's failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

### D.  Standard under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *abrogated on other grounds*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive only if it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 696-97 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)); *see also Robinson v. Am. Honda Motor Co., Inc*., 551 F.3d 218, 222 (4th Cir. 2009).

"Although for the purpose of a motion to dismiss [the Court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Further, the court need not

accept allegations in the complaint that represent "unwarranted inferences, unreasonable conclusions, or arguments,' or 'contradict matter properly subject to judicial notice or by exhibit.'" *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006) (quoting *E. Shore Mkts., Inc.* 214 F.3d at 180); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)).

While *pro se* plaintiffs are entitled to liberal construction of their pleadings, less stringent than the standard applied to pleadings drafted by attorneys, *see Smith v. Greenville County School Dist.*, No. 6:10-2478-HFF-BHH, 2010 WL4484099, at \*1 (D.S.C. 2010), a *pro se* plaintiff must still allege sufficient facts to support all of the legal elements of the claims in [her] complaint. *See Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (internal quotations and citation omitted.) Indeed, "[t]he requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Smith*, No. 6:10-2478-HFF-BHH, 2010 WL 4484099, at \*1; *see also Peggs v. Ingle*, No. 1:09-cv-327, 2009 WL 3208420, at \*2 (M.D.N.C. 2009).

Title VII's and the ADEA's Charge-filing requirements are procedural, rather than jurisdictional, and a complaint is subject to dismissal under FRCP 12(b)(6) if a plaintiff fails to timely file a Charge with the EEOC. *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550-551 (2019).

IV. <u>**LAW AND ARGUMENT**</u>

A. **Plaintiff's Deficient and Untimely Summons Requires Dismissal of Her Action.**

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Miller*, 2025 U.S. Dist. LEXIS 154477, at \*12; *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "Service of summons is 'the procedure by which a court having venue and jurisdiction of the subject matter

of the suit asserts jurisdiction over the person of the party served.'" *Id*. (citing *Omni Cap Int'l, Ltd*., 484 U.S. at 104 (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

The Summons served on Defendant is deficient on its face as it is not directed to an officer, agent, or director of Defendant as required by law. Moreover, Plaintiff did not timely serve the summons within 90 days of filing the Complaint. Therefore, Plaintiff's Complaint must be dismissed in its entirety.

### i. *The Summons is Deficient as it Is Not Directed to an Officer, Agent, or Director of Defendant.*

The Court lacks personal jurisdiction over Defendant because proper service of process has not been effectuated.

Service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(h) provides the following rules for serving a corporation, in applicable part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:
>
> (1)     In a judicial district of the United States:
>
>         A. In the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>         B. By delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h).

Relatedly, "Rule 4(e)(1) adopts the service requirements of state law 'where the district court is located or where service is made.'" *Miller*, 2025 U.S. Dist. LEXIS 154477, at *15 (quoting *Thomas v. Green Point Mortg. Funding*, No. 5:10-cv-365-D, 2011 WL 2457835, at *1 (E.D.N.C.

- 8 -

June 16, 2011)). Under North Carolina law, proper service may be made on a corporation by one of the following:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, **addressed to the officer, director or agent to be served as specified in paragraphs a and b**.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a and b, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(6) (emphasis supplied).

Here, a court clerk issued the Summons at issue on January 5, 2025. (ECF No. 12.) The Summons was returned executed via Certified Mail by the U.S. Marshals Service on March 18, 2025, reflecting a service date of March 7, 2025. (ECF No. 17.) The Summons, prepared by Plaintiff, was directed to "Everytown for Gun Safety Action Fund, Inc." (*Id.*) As Plaintiff served the Summons by Certified Mail, it must comply with requirements contained within Rule 4(j)(6)(c) of the North Carolina Rules of Civil Procedure, which includes the mailing of the Summons **to be addressed to the officer, director or agent of the corporation**.

The Summons is deficient because it is not addressed to any officer, director, or agent authorized in the Rules to accept service on behalf of a corporation. *See Miller*, 2025 U.S. Dist. LEXIS 154477, at *16-17 (dismissing the plaintiff's complaint for lack of personal jurisdiction where the summons was deficient because it was only addressed to the corporate entity, and

included no individual "officer, director, or managing agent" authorized to accept service on behalf of the corporate entity); *Radefeld v. Wakemed*, No. 5:23-cv-379-M, 2023 WL 6368332, at *2 (E.D.N.C. Sep. 6, 2023) (citing *Graham v. Anderson*, No. 5:23-cv-30-D, 2023 WL 3910250, at *5 (E.D.N.C. June 8, 2023) (finding summons was defective because it failed to designate any individual authorized by North Carolina Rule of Civil Procedure 4(j)(6) to accept service for a corporation, and was addressed to the corporation only)), *adopted by* 2023 U.S. Dist. LEXIS 173509, 2023 WL 6368318 (E.D.N.C. Sep. 8, 2023); *Dublin v. UNC Rex Healthcare,* No. 5:22-cv-507-BO-RJ, 2024 WL 252062, at *2 (E.D.N.C. Jan. 23, 2024) (finding service defective where "Plaintiff's summons directed to UNC Rex Healthcare is not directed to an officer, agent, or director. She has further not responded to show why her failure to comply with the rules should be excused.").

Thus, Plaintiff's action is subject to dismissal under Rule 12(b)(4) for insufficient process and under Rule 12(b)(2) for lack of personal jurisdiction over Defendant. *See, e.g., Miller*, 2025 U.S. Dist. LEXIS 154477, at *17-18; *Graham*, 2023 WL 3910250, at *5 ("Where the plaintiff fails to comply with procedural requirements for proper service or service of process, a court may not exercise personal jurisdiction over the defendant."); *Wright v. eClerx, LLC*, No. 5:20-cv-587-BO, 2023 WL 3292877, at *2 (E.D.N.C. May 5, 2023) (finding summons directed to defendant eClerx was not directed to an officer, agent, or director and was thus defective, and dismissal of defendant eClerx was appropriate under Rule 12(b)(4) and Rule 12(b)(2)).

Therefore, Plaintiff's action must be dismissed for insufficient process and lack of personal jurisdiction.

### ii. Plaintiff Did Not Timely Serve the Summons and Complaint on Defendant.

In addition to preparing a deficient summons, Plaintiff did not timely serve her Summons and Complaint by January 27, 2026, as required by FRCP 4(m).

Rule 4(m) requires that a plaintiff serve the defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The filing of an amended complaint does not reset the service deadline for the original filing. *Morris-Wilkins v. Davenport Auto-Park*, 2025 U.S. Dist. LEXIS 40662, at *4 (E.D.N.C. March 6, 2025) ("However, the filing of the amended complaint did not reset service deadlines except for the defendants first named only in the amended complaint.")

As Plaintiff filed her initial Complaint on October 29, 2025, Plaintiff's deadline to properly serve Defendant expired on January 27, 2026. While the Federal Rules of Civil Procedure do not recognize or authorize an alias and pluries summons,[2] the Court may extend time for good cause. *See* Fed. R. Civ. P. 4(m).

On February 27, 2026, Plaintiff filed a Motion to request an extension of time and for the Court to issue an alias and pluries summons. (ECF No. 16.) In support of her argument for good cause, Plaintiff noted that the 90-day period is nearing expiration and the U.S. Marshals Service improperly executed the summons at a different location. (*Id.*) However, the filing of an amended complaint does not toll the service deadline of the original complaint and Plaintiff's time to serve Defendant had already expired thirty-one (31) days prior to her Motion. Moreover, Plaintiff received notice on February 13, 2026 that the Summons was improperly executed, and she failed to promptly file a motion to extend time to serve for good cause, waiting another fourteen (14) days.

---

[2] The Federal Rules of Civil Procedure set forth the requirements for service in Rule 4, subparts (a), (e), and (m), including form, issuance, time limits, and methods of service. Fed. R. Civ. P. 4. Rule 4(e)(1) allows for following state law for the *methods* of serving a summons, but it does not adopt the authorization of an "alias and pluries" summons as set forth in the N.C. R. Civ. P. Rule 4(d). If service is not completed on time in a federal case, the proper remedy is to file a motion to extend time for service under Rule 4(m).

Plaintiff has not established good cause of extending the period of time for her to effectuate service of the Summons. *See, e.g., Martinez v. United States*, 578 F. App'x 192, 194 (4th Cir. 2014) (upholding dismissal for failure to timely serve process where the plaintiff claimed it was the result of an error outside her control and the plaintiff did not request an extension of time to serve until after the deadline had expired); *Clark v. E.I. Dupont de Nemours & Co.*, 86 F.3d 1149 (4th Cir. 1996) (upholding dismissal for failure to timely serve process where the plaintiff's only allegations of good cause were that she relied on a third party to timely serve and where her motion to for enlargement of time was not made until after the expiration of the service deadline); *Jones v. Se. Reg'l Med. Ctr.*, No. 7:18-CV-28-D, 2019 WL 97036, at *4 (E.D.N.C. Jan. 2, 2019) (rejecting the notion that a plaintiff's *pro se* status should excuse their failure to timely serve their summons and complaint).

Therefore, Plaintiff has not established good cause, and the Court should dismiss Plaintiff's Complaint in its entirety for failure to timely serve Defendant as required by law.

### B. Plaintiff's Claims are Time-Barred.

The Court should also dismiss the Complaint with prejudice because Plaintiff's claims are time-barred. Plaintiff failed to file her Charge within 180 days of the last alleged discriminatory action, and no basis exists for equitable tolling.

#### i. *Plaintiff Failed to File a Charge with the EEOC Within 180 days of Each Alleged Discriminatory or Retaliatory Act.*

To be timely, Plaintiff was required to file her Charge with the EEOC within 180 calendar days of the date of the alleged discriminatory action. *See* 42 U.S.C. § 2000e-(5)(e)(1); 29 U.S.C. § 626(d)(1)(A); *Fort Bend Cty. v. Davis*, 587 U.S. 541, 544 (2019) (citing 42 U.S.C. § 2000e-5(b), (e)(1)) (Title VII requires that a charge be filed within the EEOC "by or on behalf of a person claiming to be aggrieved" within 180 days after the "alleged unlawful employment practice

- 12 -

occurred."); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180-day time period after the discrete discriminatory act occurred); *Alboulhosn v. City of Manassas*, 2025 U.S. Dist. LEXIS 128627, at *5 (E.D. Va. July 7, 2025) (discrimination claims under Title VII must follow a timely charge with the EEOC); *Thomas v. EOTech, LLC*, 169 F.4th 259, 264 (4th Cir. 2026) (ADEA contains the same 180- and 300-day charge filing deadlines as Title VII) (citing 29 U.S.C. §626(d)(1)).

Importantly, "the filing period runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition." *Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982); *see also Olson v. Mobil Oil Corp.*, 904 F.2d 198, 200 (4th Cir. 1990) ("The 180-day limitations period for an ADEA action arising out of a job termination commences when the employee is informed of [her] termination.").

Here, Plaintiff has failed to timely file her EEOC Charge within 180 days of any alleged discriminatory or retaliatory action identified in her Complaint. The last allegedly discriminatory or retaliatory act identified in by Plaintiff is the termination of her employment on November 13, 2024. (ECF No. 1, ¶23; ECF No. 7, ¶23.) Thus, Plaintiff's deadline to file a Charge with the EEOC was May 12, 2025. However, Plaintiff did not file her Charge until July 14, 2025, which was 243 days after termination, and 63 days after her time to file had already expired. (ECF No. 1, ¶28; ECF No. 7, ¶28.) The EEOC recognized Plaintiff's untimeliness and dismissed Plaintiff's Charge on July 31, 2025. (ECF No. 1, ¶¶8, 10; ECF No. 7, ¶¶8, 10, Ex. 2.)

Plaintiff alleges she timely filed her Charge with the EEOC because she filed within 180 days from her last documented communication with Defendant, which was February 12, 2025.

(ECF No. 1, ¶25; ECF No. 7, ¶25.) Plaintiff alleges she remained in contact with Human Resources following her termination to access records related to her performance and employment. (*Id.*) Plaintiff indicates the last communication occurred on February 12, 2025, when she received her 2023 mid-year review documentation. (*Id.*)

However, Plaintiff's position is flawed because the 180-days does not run merely from the last communication with the employer, but from the last discriminatory act. *See Fort Bend Cty.,* 587 U.S. at 544 (Title VII requires that a charge be filed . . . within 180 days after the "alleged unlawful employment practice occurred."). Plaintiff does not raise any allegations of discrimination or retaliation that occurred following her termination date of November 13, 2024. Nor would Plaintiff's communication with Defendant related to requesting employment records qualify as an adverse employment action sufficient to support a Title VII or ADEA claim. *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354-355 (2024) (a plaintiff "must show some harm respecting an identifiable term or condition of employment").

Plaintiff further alleges she filed timely because she filed within 300 days of her termination date. (*Id.*, ¶ 28.) However, the filing deadline is only extended to 300 days if a state or local agency enforces a state or local employment anti-discrimination law. 42 U.S.C. § 2000e-5(e)(1) (a charge shall be filed within 180 days after the alleged unlawful employment practice occurred, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief, such charge shall be filed within 300 days). As North Carolina is not a deferral jurisdiction, Plaintiff only had 180 days to file her Charge with the EEOC and not 300 days. *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 539 (E.D.N.C. 2008) ("North Carolina

- 14 -

has no state agency with statewide 'authority to grant or seek relief from [an unlawful employment] practice ... upon receiving notice thereof....'") (quoting 42 U.S.C. § 2000e–5(e)(1)).

Because Plaintiff did not file her EEOC Charge within 180 days of any alleged adverse employment action on which her claims are based, her claims are time-barred and must be dismissed with prejudice.

### ii. There is No Basis for the Doctrine of Equitable Tolling to Apply.

Plaintiff raises equitable tolling in Count Four of her Complaint. (ECF No. 1, ¶¶40-42; ECF No. 7, ¶¶40-42.) However, the doctrine of equitable tolling does not apply to Plaintiff's claims because Plaintiff fails to allege any extraordinary circumstances which prevented timely filing, or any diligence warranting such relief.

Equitable tolling applies only in limited situations; specifically, where there are, "(1) extraordinary circumstances, (2) beyond Plaintiff's control or external to [her] own conduct, (3) that prevented [her] from filing on time." *Jones v. Walmart*, No. 1:24-cv-00012-MR-WCM, 2025 U.S. Dist. LEXIS 49687, at **5-6 (W.D.N.C. Feb. 12, 2025) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)); *Chao v. Va Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) ("Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes.").

Plaintiff alleges she reasonably relied on multiple EEOC employees' verbal and written assurances that she had until August 2025 to file. (ECF No. 1, ¶40; ECF No. 7, ¶40.) Plaintiff contends any procedural delay should be excused under the doctrine of equitable tolling because she was misled by EEOC personnel and acted diligently throughout the process. (ECF No. 1, ¶¶41-42; ECF No. 7, ¶¶41-42.)

Regardless of any alleged reliance on EEOC representatives' assertions, Plaintiff cannot meet her burden to justify the application of equitable tolling. As referenced above, Plaintiff had until May 12, 2025 to file her Charge with the EEOC. The alleged "misrepresentations" by the agency did not occur until *after* this date in June and July 2025. (ECF No. 1, ¶¶27, 29; ECF No. 7, ¶¶27, 29.) Therefore, Plaintiff's deadline to file her EEOC Charge had ***already expired*** by the time she received the alleged erroneous advice from the agency.

The EEOC did not mislead Plaintiff prior to the 180-day deadline to file her Charge. Rather, prior to the expiration of Plaintiff's deadline, she failed to act diligently to timely file her Charge and no extraordinary circumstances beyond her control occurred. Moreover, the EEOC would not have "misled" Plaintiff (after that deadline had already expired) had it been provided accurate information by Plaintiff regarding the date of the last alleged discriminatory act or adverse employment action.

While the Fourth Circuit has noted that tolling "might be warranted in cases involving bad advice from the governmental agency charged with enforcing discrimination complaints," the circumstances justifying tolling are extremely limited and not present here. *Webber v. Town of Mooresville*, No. 5:24-CV-123-KDB-DCK, 2025 U.S. Dist. LEXIS 150430, at **17-18 (W.D.N.C. July 17, 2025) (citing *Poteat v. Mack Trucks, Inc.*, No. 96-1437, 1997 WL 33117, at *4 (4th Cir. Jan. 28, 1997)). For example, courts have found tolling appropriate where the EEOC erroneously advises a plaintiff about the filing deadline, causing an untimely filing. *Id.*; *Linton v. Rowan-Cabarrus Cmty. Coll.*, 2013 WL 1331680, at *3 (M.D.N.C. Mar. 29, 2013), *adopted sub nom. Linton v. Rowan-Cabarrus Cmty. Coll. ex. rel., Paradowski*, 2013 WL 4478669 (M.D.N.C. Aug. 20, 2013). "In determining whether equitable tolling should apply, courts 'should conduct a thorough examination of the facts.'" *Id.* (quoting *Harvey v. City of New Bern Policy Dep't*, 813

F.2d 652, 654 (4th Cir. 1987)).

While Plaintiff alleges that EEOC representatives informed her that she had until August 2025 to file a Charge, the exhibits attached to the Amended Complaint demonstrate that the EEOC did so based on incorrect information Plaintiff provided. (ECF No. 1, ¶¶27, 29; ECF No. 7, ¶¶27, 29.)

On June 24, 2025, [43] days after her deadline to file had already expired, Plaintiff alleges she spoke with an EEOC representative by phone who informed her that she had until August 2025 to file her Charge. (ECF No. 7, ¶27). The EEOC provided this information to Plaintiff based on Plaintiff providing an alleged date of discrimination of February 12, 2025. (*Id*., Ex. 3).

On June 30, 2025, [49] days after her deadline to file had already expired, Plaintiff received an email from the EEOC which included background information about Plaintiff's inquiry, referencing her allegations, "[r]ace, [a]ge – I am 40 years of age or older, [c]olor, [r]etaliation – I complained to my employer about job discrimination 02/12/2025." (ECF NO. 7, Ex. 20.) Further, the notice contained instructions and specified "[a]n inquiry is not a charge of discrimination. To preserve your rights, you must file a charge within certain time limits. Based on the information above, you might need to file a charge on or before 08/11/2025. The EEOC will explain how to file a charge at your appointment." (*Id*.)

On July 2, 2025, Plaintiff received an email from the EEOC which confirmed that she submitted an inquiry but had not yet filed a Charge. (*Id*.) Plaintiff alleges in her Complaint that this email "affirm[ed] she was within the filing window." (ECF No. 7, ¶29.) Indeed, that is not what the email provides. The email set forth options for proceeding and again reiterated that a Charge must be filed within 180 days of each alleged violation. (*Id*.) It stated the "options are being provided in an attempt to help you avoid missing the statute of limitations; to ensure the

- 17 -

Commission has jurisdiction over your allegations, and to help you with the process, since the appointments are currently booked out several months in 2025." (*Id.*) Contrary to Plaintiff's allegation, these statements do not affirm Plaintiff was within the filing window. The email stated the inquiry will be closed until an option is chosen, and if she does not respond, the agency assumes she does not wish to proceed with filing the charge and/or to be interviewed. (*Id.*)

It is clear based on Plaintiff's exhibits that the EEOC provided Plaintiff with an August 2025 filing date based on the information Plaintiff provided – that she allegedly complained to her employer about job discrimination as late as February 12, 2025. (*See, Id.*) However, as supported by the allegations set forth in Plaintiff's Complaint and Amended Complaint, that date was the last date Plaintiff *communicated* with her employer, not the latest date of an alleged discriminatory act. (ECF No. 1, ¶25; ECF No. 7, ¶25.) Plaintiff alleges she contacted Human Resources following her separation to obtain her personnel records. (*Id.*) Plaintiff alleges the last date she communicated with Defendant was on February 12, 2025, when Human Resources provided her with a copy of her 2023 mid-year review documentation. (*Id.*) Even if Plaintiff complained on this date that her termination was discriminatory or retaliatory – an allegation not pleaded in the Complaint or Amended Complaint – the adverse employment action had already occurred on November 13, 2024. (ECF No. 1, ¶23; ECF No. 7, ¶23.) Thus, any incorrect information provided by the EEOC regarding Plaintiff's filing date was not only provided well after her deadline for filing had already passed, but is based on the inaccurate information provided by Plaintiff to the EEOC.

The Court should dismiss Plaintiff's claims for failure to timely exhaust her administrative remedies and failure to meet her burden to establish equitable tolling. *See Biermann v. Booz Allen Hamilton, Inc.*, 2026 U.S. Dist. LEXIS 79629, at **9-10 (D. Md. April 13, 2026) (finding that plaintiff failed to establish equitable tolling and granting defendant's motion to dismiss against

*pro se* plaintiff for failing to timely file his EEOC charge); *Bellamy v. E. Carolina Univ.*, 2024 U.S. Dist. LEXIS 228585, at \*\*14-15 (E.D.N.C. Nov. 20, 2024) (holding the untimely filing of plaintiff's charge with the EEOC bars her Title VII claims); *McClarigan v. Riverside Hosp., Inc.*, 2022 U.S. Dist. LEXIS, at \*22 (E.D. Va Aug. 22, 2022) (finding that plaintiff untimely filed a charge with the EEOC and she is not entitled to relief from equitable tolling, rendering her claim permanently time-barred); *Thompson v. Navistar, Inc.*, 2010 U.S. Dist. LEXIS 108751, at \*\*7-8 (E.D.N.C. July 27, 2010) (finding [pro se] plaintiff's allegations fail to rise to the level necessary to implement such a narrow exception for equitable tolling and granting defendant's motion to dismiss).

The doctrine of equitable tolling should not apply, and Plaintiff's Complaint and Amended Complaint should be dismissed with prejudice as time-barred.

### C. Plaintiff's *Pro Se* Status Does Not Excuse Her Non-Compliance With Procedural Rules.

Courts have emphasized that although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules "without which effective judicial administration would be impossible." *Dancy v. Univ. of North Carolina*, 2009 U.S. Dist. LEXIS 72632, at \*\*4-5 (W.D.N.C. Aug. 3, 2009) (citing *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), *cert denied*, 493 U.S. 1084 (1990)). "The right to self-representation does not 'exempt a party from compliance with relevant rules of procedural and substantive law.'" *Id.*, at 5 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983).

While Plaintiff appears *pro se*, "the liberal construction of a *pro se* litigant's filing does not require the court to ignore clear defects in it." *Vaughn*, 2025 U.S. Dist. LEXIS 137106, at \*6 (citing *Bustos v. Chamberlain*, 2009 WL 2782238, at \*2 (D.S.C. Aug. 27, 2009)). "Or to become an advocate for the pro se party." *Id.* (citing *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387, 391 (4th

- 19 -

Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). "Moreover, *pro se* parties are expected to comply with the applicable procedural rules." *Id*. (citing *Chrisp v. Univ. of N.C. Chapel Hill*, 471 F.Supp. 3d 713, 715-16 (M.D.N.C. 2020) (requiring *pro se* plaintiff to comply with the Federal Rules of Civil Procedure)).

This Court has affirmed that *pro se* parties, like any other party, are required to adhere to the Federal Rules of Civil Procedure, the Local Civil Rules, and the orders of this court. *Felix v. Doughtie*, 2021 U.S. Dist. LEXIS 107041, at \*10 (E.D.N.C. June 8, 2021). This requirement likewise applies to the obligation to first exhaust administrative remedies with the EEOC. *See Allen v. Greer Group, Inc*., 2011 U.S. Dist. LEXIS 30354, at \*\*9-10 (E.D.N.C. March 21, 2011) (finding no facts in the Complaint suggesting that [*pro se*] plaintiff was prevented from filing a timely EEOC Charge within the 180-day deadline and granting defendant's motion to dismiss); *See also Smith v. Lowes Co. Inc*., 2023 U.S. Dist. LEXIS 154329, at \*6-7 (W.D.N.C. Feb. 22, 2023) (granting defendant's motion to dismiss [*pro se*] plaintiff's second amended complaint when plaintiff filed his EEOC charge 196 days after the last act of discrimination).

Plaintiff failed to properly and timely serve Defendant pursuant to the Federal Rules of Civil Procedure and failed to timely exhaust administrative remedies, as required by Title VII and the ADA. Regardless of her *pro se* status, she is required to adhere to the applicable law and her claims are subject to dismissal.

## V.    CONCLUSION

Because Plaintiff has failed to properly and timely serve Defendant with the Complaint and has failed to timely exhaust administrative remedies as required by law, the Court should dismiss this action in its entirety, with prejudice.

- 20 -

Respectfully submitted, this 20th day of April, 2026.

*/s/* Kellie A. Tabor

Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
kewalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:     704.972.7000
Facsimile:     704.333.4005

*Attorneys for Defendant Everytown For Gun Safety Action Fund, Inc.*

## WORD COUNT CERTIFICATION

I, Kellie A. Tabor, certify that Defendant Everytown for Gun Safety Action Fund, Inc.'s Memorandum of Law in Support of its Motion to Dismiss complies with the word limitation as prescribed by Local Rule 7.2(f)(3). This brief does not exceed 8,400 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

> /s/ Kellie A. Tabor
> Kellie A. Tabor, Bar No. 57153
> ktabor@littler.com
> Kelly Walker, Bar No. 49535
> kewalker@littler.com
> LITTLER MENDELSON, P.C.
> 620 South Tryon Street, Suite 950
> Charlotte, North Carolina 28202
> Telephone: 704.972.7000
> Facsimile: 704.333.4005
>
> *Attorneys for Defendant Everytown For Gun Safety Action Fund, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served via U.S. Mail, postage prepaid, upon the following *pro se* plaintiff:

Adrienne J. Johnson
P.O Box 90301
Raleigh, NC 27675

*Pro Se Plaintiff*

/s/ *Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
kewalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:  704.972.7000
Facsimile:  704.333.4005

*Attorneys for Defendant Everytown For Gun Safety Action Fund, Inc.*

- 23 -