# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

|  |  |
|---|---|
| ADRIENNE J. JOHNSON, | Civil Action No. 5:25-cv-00686-BO-RJ |
| Plaintiff, | |
| v. | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ORDER FOR DISCOVERY PLAN, ALL ASSOCIATED DEADLINES, AND ALL DISCOVERY PENDING DISPOSITION OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT** |
| EVERYTOWN FOR GUN SAFETY ACTION FUND, INC., | |
| Defendant. | |

Defendant Everytown For Gun Safety Action Fund, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits this Memorandum of Law in Support of Defendant's Motion to Stay Order for Discovery Plan, All Associated Deadlines, and All Discovery Pending Disposition of Defendant's Motion to Dismiss ("Motion to Stay"), and asks the Court to stay all deadlines and stay all discovery in this action pending the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Complaint and Amended Complaint ("Motion to Dismiss") (ECF Nos. 27 and 28.) In support of its Motion to Stay, Defendant states as follows:

## I.     INTRODUCTION

This action arises out of Plaintiff Adrienne Johnson's ("Plaintiff") former employment with Defendant. Plaintiff's Complaint and Amended Complaint allege that Defendant discriminated and retaliated against her based on her race, age, and engagement in protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").

However, as set forth more fully in Defendant's Motion to Dismiss, Plaintiff's claims against Defendant must be dismissed with prejudice in their entirety as the Court lacks personal jurisdiction over Defendant resulting from insufficient process and service of process, and because

Plaintiff's claims are time-barred as Plaintiff failed to timely exhaust administrative remedies. Accordingly, should the Court grant Defendant's Motion to Dismiss as requested, Defendant would be summarily dismissed as a party to the instant case and consequentially not subject to discovery. For these reasons, and as set forth in further detail below, Defendant's instant Motion to Stay should be granted.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims against Defendant include claims under Title VII and the ADEA. (ECF Nos. 1 and 7.) Defendant filed its Motion to Dismiss on April 20, 2026 (ECF Nos. 27 and 28.) On June 11, 2026, Plaintiff filed her Response in Opposition to Defendant's Motion. (ECF Nos. 32 and 33.) On June 25, 2026, Defendant filed a Reply in Further Support of its Motion to Dismiss. (ECF No. 34.) On July 7, 2026, the Court issued its Order for Discovery Plan. (ECF No. 35.) On July 10, 2026, the Motion to Dismiss was submitted to District Judge Terrance W. Boyle. (July 10, 2026 Docket Text Entry.)

Pursuant to the Court's Order for Discovery Plan and Federal Rule of Civil Procedure 26(f), Defendant and Plaintiff are ordered to conduct a Rule 26(f) conference by August 6, 2026, and submit a Joint 26(f) report and Discovery Plan and exchange Initial Rule 26(a)(1) Disclosures within fourteen (14) days thereafter, at which time Defendant anticipates that the Court will issue its Case Management Order, thereby opening discovery in this matter. (*Id.*)

## III.  LAW AND ARGUMENT

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident

to its power to control its own docket.").  Courts weigh competing interests and seek to maintain balance when deciding on a motion to stay proceedings. *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967). The Court should consider various factors "including inconvenience, loss of time, expense, judicial economy, the hardship and inequity on the moving party if the case is not stayed, and the potential prejudice on the non-moving party if the case is stayed." *Middlesex Ins. Co. v. Doyle Dickerson Terrazzo, Inc.*, No. 3:19-cv-00492-GCM, 2021 WL 3667124, at *3 (W.D.N.C Aug. 18, 2021).

In this case, Defendant's Motion to Dismiss seeks dismissal of Plaintiff's Complaint and Amended Complaint in their entirety with prejudice. A ruling in Defendant's favor would fully dispose of this action, rendering any discovery involving Defendant entirely unnecessary. Accordingly, granting Defendant's Motion to Stay and staying all deadlines, including requirements to hold the Rule 26(f) conference, file a Discovery Plan, serve Rule 26(a)(1) initial disclosures, and staying all discovery in this action pending the Court's decision on Defendant's Motion to Dismiss would serve the interests of efficiency and economy—avoiding needless expenditure of time, resources, and litigation costs for all parties, and preserving valuable judicial resources.

Conversely, allowing discovery to proceed before the Court resolves Defendant's Motion to Dismiss risks substantial and unnecessary burden. If Defendant's Motion to Dismiss is ultimately granted, Defendant will have been forced to engage in costly and time-consuming discovery in a matter which should have been dismissed. This outcome would not only prejudice Defendant but also undermine principles of judicial economy and procedural fairness.

Importantly, Plaintiff faces minimal—if any—prejudice from a stay. To the contrary, Plaintiff would similarly benefit from avoiding irrelevant and potentially wasteful discovery

efforts related to an action that may be dismissed. A brief stay would allow the Court to address the threshold issues first, ensuring that discovery proceeds only as if necessary. Should the Court deny Defendant's Motion to Dismiss, the case would resume without undue delay.

In sum, a stay of all deadlines and discovery pending resolution of Defendant's Motion to Dismiss is both prudent and equitable. It protects the parties from unnecessary litigation costs and promotes efficient case management without compromising Plaintiff's ability to pursue her claims should Defendant's Motion to Dismiss be denied.

## IV.    CONCLUSION

Defendant Everytown For Gun Safety Action Fund, Inc. respectfully requests that the Court enter an Order staying its Order for a Discovery Plan, all associated deadlines, and all discovery in this action pending the Court's ruling on Defendant's Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted this 14th day of July, 2026.

/s/ Kellie A. Tabor
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
kewalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:    704.972.7000
Facsimile:    704.333.4005

*Attorneys for Defendant Everytown For Gun Safety Action Fund, Inc.*

-4-

## WORD COUNT CERTIFICATION

I, Kellie A. Tabor, certify that Defendant Everytown for Gun Safety Action Fund, Inc.'s Memorandum of Law in Support of its Motion to Stay complies with the word limitation as prescribed by Local Rule 7.2(f)(3). This brief does not exceed 8,400 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

/s/ Kellie A. Tabor
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
kewalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:    704.972.7000
Facsimile:    704.333.4005

*Attorneys for Defendant Everytown For Gun Safety Action Fund, Inc.*

-5-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 14, 2026, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which served upon the following *pro se* plaintiff:

Adrienne J. Johnson
ajaninejohnson@gmail.com

*Pro Se Plaintiff*

*/s/ Kellie A. Tabor*
Kellie A. Tabor, Bar No. 57153
ktabor@littler.com
Kelly Walker, Bar No. 49535
kewalker@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant Everytown For Gun
Safety Action Fund, Inc.*

-6-