IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-686-BO-RJ

| | | |
|---|---|---|
| ADRIENNE J. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>EVERYTOWN FOR GUN SAFETY ACTION FUND, INC.,<br><br>Defendant. | ) | ORDER |

This cause comes before the Court on plaintiff's motion for alias and pluries summons and extension of time to serve process [DE 16] and defendant's motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted. [DE 27]. Plaintiff has also filed an objection to the magistrate judge's order staying discovery pending the Court's ruling on the motion to dismiss. [DE 41]. All responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition. For the reasons that follow, defendant's motion to dismiss is granted, plaintiff's motion regarding service is denied as moot, and plaintiff's objection to the magistrate judge's order is overruled.

## BACKGROUND

Plaintiff, who proceeds *pro se*, filed this action against her former employer on October 29, 2025. [DE 1]. Plaintiff filed an amended complaint on December 1, 2025. [DE 7]. In her amended complaint, plaintiff alleges claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. Plaintiff alleges that, although she met or exceeded her employer's performance expectations, she was subjected to hostility and disparate treatment based on her race, was retaliated against for

reporting that she had been subjected to discrimination, and was ultimately terminated for reporting discrimination. Plaintiff alleges that she was terminated from her position with defendant on November 13, 2024. [DE 7] ¶ 23. Plaintiff alleges that she continued to be in contact with her employer after her termination in order to access records related to her employment, and that her last contact with defendant occurred on February 12, 2025, when plaintiff received a copy of a mid-year review from 2023. [DE 7] ¶ 25. Plaintiff alleges that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and has attached to her complaint a copy of an amended charge of discrimination. *See* [DE 7-1]. Plaintiff alleges that she initiated a charge with the EEOC in early May 2025 and that she filed her charge on July 14, 2025. [DE 7] ¶¶ 26-27. Plaintiff alleges that the EEOC dismissed her charge of discrimination as untimely by notice filed July 31, 2025. *See* [DE 7-2]. Plaintiff alleges that, although her charge was dismissed as untimely, plaintiff's charge of discrimination was timely under the 300-day rule or that it should be considered timely filed based on equitable tolling because plaintiff acted with diligence and relied on instructions from an EEOC employee who told plaintiff that her deadline to file a charge of discrimination was in August 2025.

DISCUSSION

Although defendant first challenges whether service was properly effected and whether the Court thus has personal jurisdiction over it, *see Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998), the Court considers first whether plaintiff has failed to state a plausible claim for relief because her charge of discrimination was untimely.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a

claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Pro se* pleadings are to be construed liberally, "[b]ut liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Defendant argues that plaintiff's claims are time-barred because plaintiff failed to file her charge of discrimination within 180 days of the last act of alleged discrimination and there are no grounds for equitable tolling.

"To challenge an alleged unlawful employment practice under Title VII or the ADEA, a plaintiff must first file a timely charge with the EEOC." *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 538. (E.D.N.C. 2008) (citing 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)). "If an individual fails to file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014) (abrogated on other

grounds by *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019)). The failure to timely file a charge of discrimination with the EEOC "results in loss of an 'actionable' claim and 'the ability to recover.'" *Irvin v. Versatrim, LLC*, 737 F. Supp. 3d 297, 308 (E.D.N.C. 2024) (citation omitted). "While an untimely filing of a charge with the EEOC is not a jurisdictional bar, it is a basis for dismissal by a defendant pursuant to Rule 12(b)(6)." *Oldham v. Univ. of N. Carolina*, No. 1:22CV513, 2023 WL 3984031, at *6 (M.D.N.C. June 13, 2023).

The last discriminatory act by defendant about which plaintiff complains is the termination of her employment on November 13, 2024. The deadline for plaintiff to file a charge of discrimination with the EEOC was therefore May 12, 2025, which is 180 days from the date of her termination. As plaintiff has alleged, she did not file her charge of discrimination until July 14, 2025. In her amended complaint, plaintiff alleges that her EEOC charge was timely filed because her last communication with defendant was on February 12, 2025. First, plaintiff's allegation that her charge was timely filed is a legal conclusion which the Court need not accept. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Second, it is clear that continuing to communicate with her employer about her employment records did not extend the time period for filing an EEOC charge based on her termination. Where a charge of discrimination is based on a discrete discriminatory act, it must be filed within 180 (or 300) days of the date the act happened. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 113 (2002). As discussed above, the last discrete discriminatory act about which plaintiff complains was her termination from employment. Plaintiff also alleges that she initiated her EEOC charge in early May 2025. [DE 7] ¶ 26; [DE 7-19]. But contacting the EEOC is not the same as filing a charge of discrimination, and plaintiff's documentation does not support that she initiated a charge of discrimination in early May.

Plaintiff further alleges that she was permitted 300 days within which to file her charge of discrimination with the EEOC. The time for filing a charge with the EEOC is extended to 300 days in deferral states, or states which have an agency "with authority to grant or seek relief from" unlawful employment practices. 42 U.S.C. § 2000e-5(e)(1). North Carolina is considered to be "a deferral state in two very limited circumstances[,]" and neither circumstance applies in this case. *Bratcher*, 545 F. Supp. 2d at 543. Accordingly, plaintiff's charge of discrimination is subject to the 180-day filing period.

Plaintiff further alleges that equitable tolling applies. Again, this is a legal conclusion which the Court need not accept. However, equitable tolling may apply to the 180-day filing period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). "To qualify for equitable tolling, [parties] must show that (1) they diligently pursued their rights, but (2) an extraordinary circumstance prevented them from timely filing their claim. . . . Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) (internal citation omitted). Plaintiff alleges that the 180-day filing period deadline should be equitably tolled because she reasonably relied on statements of EEOC employees who told her that she had until August 2025 to file her charge of discrimination.

In her amended complaint, plaintiff alleges that "an EEOC representative informed her by phone that she had until August 4, 2025, to file" on June 24, 2025. [DE 7] ¶ 27. This telephone conversation took place *after* plaintiff's filing deadline had passed, and plaintiff cannot rely on any statement by an EEOC employee on June 24, 2025, to justify equitable tolling. Plaintiff has attached documents to her complaint which further show that it appears she informed the EEOC that the date on which she "complained to [her] employer about job discrimination" was February

12, 2025. [DE 7-20] at 2. The correspondence from the EEOC, dated June 30, 2025, states that plaintiff "might need to file a charge on or before 08/11/2025" based on the information provided by plaintiff. *Id.* at 3. However, as discussed above, the occurrence of the last discriminatory act complained about by plaintiff in her amended complaint is her termination, which occurred in November 2023, not any communication she may have had with her employer on February 12, 2025. *See also McPherson v. Emp. Source, Inc.*, 827 F. Supp. 3d 668, 690 (E.D.N.C. 2026) ("The cause of action arises in a Title VII case 'when the employee receives unequivocal notice of the facts giving rise to [her] claim or a reasonable person would know of the facts giving rise to a claim.'") (citation omitted). Finally, courts in this district have held that allegedly erroneous advice by EEOC employees does not establish a basis for equitable tolling. *Donald v. Novant Health, Inc.*, 689 F. Supp. 3d 170, 178 (E.D.N.C. 2023); *Zow v. Bd. of Governors of Univ. of N. Carolina*, No. 5:23-CV-00290-M-RJ, 2024 WL 1285532, at *5 (E.D.N.C. Mar. 26, 2024) (noting that plaintiff had access to a number of free sources which provided accurate information regarding the filing deadline), *aff'd,* No. 24-1498, 2024 WL 5199614 (4th Cir. Dec. 23, 2024). Plaintiff's allegations fail to provide any distinguishing facts which would cause the Court to reach a different result in this case.

In her opposition to the motion to dismiss, plaintiff again relies on the EEOC's erroneous advice that she had until August 2025 to file her charge of discrimination and also relies on her status as a *pro se* litigant without formal legal training.[1] As discussed above, the advice on which plaintiff relied was provided after the 180-day filing period had already expired and otherwise does

---

[1] Plaintiff further cites *Foman v. Davis*, 371 U.S. 178, 182 (1962) for the proposition that leave to amend should be freely given, but plaintiff does not appear to request leave to amend her complaint. Plaintiff has further not filed a motion for leave to amend her complaint, and the Court in its discretion denies any informal request for leave to amend. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474-75 (4th Cir. 2014).

not provide a basis for equitable tolling. Moreover, plaintiff's *pro se* status is not a ground warranting equitable tolling of the filing period. *See Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 720 (W.D. Va.), *aff'd*, 330 F. App'x 39 (4th Cir. 2009).

Accordingly, the Court concludes that plaintiff's claims in her amended complaint are time-barred and that she is not entitled to equitable tolling. Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 27] is GRANTED and plaintiff's complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's motion for alias and pluries summons [DE 16] is DENIED as MOOT. Plaintiff's objection to the decision of the magistrate judge [DE 41] is OVERRULED as MOOT.

As all claims alleged have been dismissed, the Clerk is DIRECTED to enter judgment in favor of defendant and against plaintiff and to close this case.

SO ORDERED, this 18 day of September 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE